Argued and submitted May 14, conviction vacated;
remanded for further proceedings July 11, 1984

## STATE OF OREGON,
*Respondent,*

*v.*

## WILLIAM JAMES REID,
*Appellant.*

(446,800; CA A30677)

683 P2d 1391

Steven L. Krasik, Salem, argued the cause and filed the brief for appellant.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals his conviction for theft in the second decree on the ground that the court erred in denying, without a hearing, his motion for a change of venue. We vacate the conviction and remand for further proceedings.

Defendant represented himself at the trial. Two weeks before a scheduled trial date, he wrote the presiding judge seeking a continuance, moving for a change of venue and requesting a hearing on the motion. He did not state any basis for a change of venue, but simply quoted ORS 131.355.[1] The presiding judge granted the continuance and denied the motion by a notation on defendant's letter. Apparently, defendant was not notified of the action on the motion. Immediately before the trial, defendant inquired as to what had happened to the motion and again requested a hearing. The trial judge denied the request on the basis of the presiding judge's action, telling defendant that the reason for the denial was defendant's failure to state any reasons for a change of venue; he did not give defendant an opportunity to state his reasons at that time.

The net result of the trial court's actions was that defendant did not have a hearing at which to articulate the reasons he believed would justify a change of venue or to present evidence in support of the motion. He was thus deprived of his statutory right to a change of venue, if he met the statutory requirements for one.

Defendant's only assignments of error relate to the motion. We therefore vacate his conviction and remand the case to the trial court. That court will give defendant an opportunity to present any evidence which he could have presented before the trial in support of the motion. If the court determines that the motion should have been granted, it shall grant him a new trial in a different county. If it determines

---

[1] ORS 131.355 provides:

"The court, upon motion of the defendant, shall order the place of trial to be changed to another county if the court is satisfied that there exists in the county where the action is commenced so great a prejudice against the defendant that he cannot obtain a fair and impartial trial."

that the motion should have been denied, it shall re-enter the previous judgment of conviction.

Conviction vacated; remanded for further proceedings.